# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUBY JEWELL WESLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-409-RAW-KEW |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Ruby Jewell Wesley (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 22, 1968 and was 45 years old at the time of the ALJ's decision. Claimant completed her high school education and obtained an associate's degree. Claimant has worked in the past as a sewing machine operator, production line assembler, hand packager, day care worker, cashier, and coin counter. Claimant alleges an inability to work beginning October 20, 2011 due to limitations resulting from lumbar spondylolisthesis, degenerative

disc disease, residuals of deep vein thrombosis, right knee osteoarthritis, left leg neuropathy, vertigo, left ear hearing loss, morbid obesity, and insomnia.

**Procedural History**

On November 29, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On November 21, 2013, Administrative Law Judge Doug Gabbard, II ("ALJ") conducted a hearing by video with Claimant appearing in Ada, Oklahoma and the ALJ presiding in McAlester, Oklahoma. On February 27, 2014, the ALJ issued an unfavorable decision. On August 16, 2015, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform work at all exertional levels with non-exertional limitations.

4

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to adequately discuss the medical evidence of record; and (2) failing to perform a proper credibility assessment.

**Consideration of the Medical Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of a history of deep vein thrombosis and hearing loss in the left ear. (Tr. 12). The ALJ concluded that Claimant retained the RFC to perform work at all exertional levels with non-exertional limitations to avoid all exposure to loud noises and she must be allowed to alternate sitting and standing every 30 minutes or so throughout the workday for the purpose of changing positions but without leaving the workstation. (Tr. 15).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of ticket seller and telephone solicitor, both of which were found to exist in sufficient numbers in both the regional and national economies. (Tr. 19). As a result, the ALJ found Claimant was not disabled from October 20, 2011 through the date of the decision. Id.

Claimant contends the ALJ failed to properly consider the totality of the medical evidence in the record. Specifically, Claimant contends the ALJ should have found her lumbar degenerative

5

disc disease to be a severe impairment and included its associated functional limitations in the RFC - either as a severe impairment or in combination with other impairments.

The medical record indicates Claimant had grade 2 spondylolysis at L5 and S1 with severe facet arthrosis and degenerative disc disease at the same level. (Tr. 339). Decreased range of motion was noted especially with flexion. (Tr. 326). Her gait was somewhat ataxic and she was unable to squat and stand without pain. (Tr. 328). A mild spondylotic disc bulge and slight facet arthropathy with no significant stenosis was noted as L2-L3. A minimal disc bulge was found at L3-L4. (Tr. 337). Pars defects were noted at L5 which Claimant contends represents vertebral fatigue fracture. (Tr. 329). The ALJ almost exclusively relied upon the report of Dr. Ronald Schatzman, a consultative examiner, who found Claimant had no range of motion deficits, no scoliosis, negative straight leg raising, and safe and stable gait with appropriate speed. (Tr. 299-300). He did not properly consider the medical evidence with contradicted Dr. Schatzman's findings.

Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and

significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall re-evaluate Claimant's back conditions, consider their severity at step two, and, in the event he considers them to not be severe, evaluate the combined impact of these non-severe conditions upon her RFC.

**Credibility Determination**

Claimant also challenges the adequacy of the ALJ's credibility findings. Since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims - what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). On remand, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not

7

applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

    DATED this 13th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE